IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREL OMAR AGUILAR ESTRADA, : | Civil No. 1:25-CV-00429 |
| : | |
| Petitioner, : | |
| : | |
| v. : | |
| : | |
| ICE/ERO WILLIAMSPORT SUB : | |
| OFFICE, *et al.*, : | |
| : | |
| Respondents. : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Karel Omar Aguilar Estrada ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S. C. § 2241 challenging the Bureau of Prisons' ("BOP") decision to not apply his earned time credits under the First Step Act ("FSA") because his record now shows a final order of removal. (Doc. 1.) For the following reasons, the court will deny the petition and close the case.

### PROCEDURAL HISTORY

Petitioner is currently serving a 42-month term of imprisonment after pleading guilty to a single count of conspiracy to possess with intent to distribute cocaine. *U.S. v. Aguilar Estrada*, No. 3:21-cv-00032-DJA, Doc. 58 (W.D. Ky.). On February 6, 2025, the court received and docketed Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1.) On February 10, 2025, the court entered an administrative order directing Petitioner to pay the filing

fee or file an application to proceed *in forma pauperis*.  (Doc. 4.)  On March 17, 2025, the court received Petitioner's filing fee in full.

On April 30, 2025, the court served the petition on the Warden of FCI-Allenwood.[1]  (Doc. 7.)  Respondent filed a response on May 16, 2025.  (Doc. 10.)  The court received and docketed Petitioner's traverse on May 27, 2025.  (Doc. 11.)

On October 17, 2025, Petitioner filed a motion to avoid the court-wide stay issued as part of lapse of certain appropriations for the United States Department of Justice.  (Doc. 12.)

The court will now address the petition and deny the October 17, 2025 motion as moot.

## VENUE

A § 2241petition must be filed in the district where the petitioner is in custody.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")  Petitioner is housed at FCI-Allenwood in Union County, Pennsylvania,

---

[1] The Warden of the facility where Petitioner is housed is the only appropriate respondent in a Section 2241 action.  *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (noting that, in federal habeas proceedings, proper respondent is "the person who has custody over [the petitioner]" (alteration in original)); *Barry v. Bergen Cnty. Probation Dep't*, 128 F.3d 152, 162 (3d Cir. 1997) (citing *Braden v. 30th Jud. Cir. Crt. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")).

which is located in this district.  *See* 28 U.S.C. § 118(b).  Therefore, this court is the proper venue for the action.

### DISCUSSION

**A. Administrative Exhaustion is Excused.**

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762.  Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134

F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

Petitioner freely admits that he has not exhausted his administrative remedies prior to filing his petition. (Doc. 11.) Instead, he alleges that exhaustion is not required because "he was challenging statutory construction." (*Id.*) Petitioner argues that the immigration order of removal is not yet final because there is a pending appeal in the Third Circuit Court of Appeals and his Section 2241 raises the following statutory construction challenge:

> As Petitioner is seeking relief in the instant case regarding an immigration order (declaration) which became final upon a dismissal of an appeal by the BIA (see 8 C.F.R. 1241.1(a)) and then Petitioner becoming "ineligible" for FSA Time Credit Credits under 18 U.S.C. Section 3632(d)(4)(E)(i), it is clear this instant matter is regarding statutory construction, therefore it was not necessary for the Petitioner to exhaust his administrative remedies nor show futility findings, and the Petitioner can show he has merit in way his order of removal is not final.

(Doc. 11.) Essentially, Petitioner is arguing that his petition seeks to challenge what is a "final" order of removal. For the sake of liberally construing Petitioner's pro se filing, the court finds that Petitioner has properly raised a challenge on statutory construction grounds, and he is excused from exhaustion.

### B. The Petition Will Be Dismissed on its Merits.

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be

applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. *See id.* § 3632(d)(4)(A)(ii). It is these days of credit that Petitioner seeks to have applied to his sentence. (Doc. 1.)

However, Petitioner is not eligible to have the credits he has earned applied to his sentence under the FSA. Section 3632(d)(4)(E)(i) provides that "[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." The term "immigration laws" includes this chapter and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens. 8 U.S.C. § 1101(a)(17).

An order of removal becomes final upon the dismissal of an appeal by the Board of Immigration Appeals. 8 C.F.R. § 1241.1(a). On September 10, 2024, the immigration judge ordered Petitioner's removal. (Doc. 10-6.) On January 30,

2025, the Board of Immigration Appeals dismissed Petitioner's appeal. (*Id.*) Therefore, under the immigration laws, Petitioner is subject to a final order of removal, and ineligible for the application of FSA credits.

Petitioner argues that the order of removal is not final because he has appealed the dismissal to the Third Circuit Court of Appeals. (Doc. 1.) However, his argument is without merit. Section 3632(d)(4)(E)(i) clearly states, without qualification that ". . . if the prisoner is the subject of a final order of removal under *any* provision of the immigration laws. . ." he is not eligible to have the FSA credits applied. (emphasis added). Under 8 C.F.R. § 1241.1(a), the order of removal is final. Thus, the petition will be denied.

## Conclusion

For the above-stated reasons, the court will deny the petition. Because the lapse in funding has ended, Plaintiff's motion will be denied as moot. The Clerk of Court will be directed to close the case.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania

Dated: December 1, 2025